# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6656 | **DATE** | 3/31/2004 |
| **CASE TITLE** | Chicago Carpenters Pension Fund vs. Marca Construction, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons set forth in the attached memorandum, Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. 8] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 31 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 13 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| jar(lc) courtroom deputy's initials | | U.S. DISTRICT COURT CLERK 2004 MAR 31 PM 3: 11 Date/time received in central Clerk's Office | mailing deputy initials | |

CHICAGO DISTRICT COUNCIL OF ) 
CARPENTERS PENSION FUND, et al., )
                               )   **No. 02 C 6656**

            **Plaintiffs,**       )

                               )   **HONORABLE DAVID H. COAR**

           **v.**                 )

                               )

MARCA CONSTRCUTION, et al.,    )

                               )

          **Defendants.**       )

ENTERED

MAR 3 1 2004

## MEMORANDUM OPINION AND ORDER

     This case comes before the Court on a Motion to Dismiss Plaintiffs' Complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants East Lake Management and

Development Corporation and Burling Builders, Incorporated. The motion has been fully briefed

and is now ripe for decision.

## DISCUSSION

     Plaintiffs in this case are three Trust Funds ("Trust Funds") that receive contributions

from numerous employers pursuant to collective bargaining agreements between the employers

and the Chicago and Northeast Illinois District Council of Carpenters, a labor union. Defendant

Marca Construction ("Marca") is an employer who is bound by the terms of a collective

bargaining agreement to pay fringe benefits to the Trust Funds. Defendants East Lake

Management and Development Corporation ("East Lake") and Burling Builders, Incorporated

("Burling") are not signatories to the collective bargaining agreements, but the Trust Funds allege

that East Lake and Burling should be required to pay benefits to them because they are mere

13

alter-egos of Defendant Marca.

The Plaintiff trust funds filed a complaint on September 18, 2002 seeking to audit the books and records of Defendants Marca, East Lake, and Burling pursuant to the Employee Retirement Income Security Act (ERISA). Defendants filed a Motion to Dismiss asserting that the action should be barred by collateral estoppel.

## LEGAL STANDARD

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well pleaded allegations as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." Gomez v. Illinois State Board of Education, 811 F.2d 1030, 1039 (7th Cir.1987). A party's claim should only be dismissed if it is clear that no set of facts in support of the claim would entitle the party to relief. Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir.1997) (quoting Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)).

## DISCUSSION

Defendants Marca, East Lake and Burling assert that the Plaintiff Trust Funds should not be permitted to pursue this action because of previous litigation in this district pursuant to which a determination was made that they were not mere alter-egos of each other. In the previous litigation, Sharon Walker sued Marca for discrimination under Title VII. Walker is a member of the Chicago & Northeast Illinois District Council of Carpenters Union and at one time she served as a steward in that Union. Defendant Marca asserted that it was not obligated to comply with Title VII because it had too few employees. Walker attempted to pierce the corporate veil of Defendant Marca and present Defendants Burling and East Lake to show that the three

2

companies were alter-egos of each other and together they had sufficient employees to be covered under Title VII. The district court judge in that case found that Walker could not prove that the companies were alter-egos nor could she prove that the three companies were sharing employees to escape Title VII liability. See Walker v. Marca Construction, No. 02-C-3285, 2003 WL 297529 (N.D. Ill. Feb. 11, 2003).

The three Defendants in this action assert that the district court's grant of summary judgment for Defendant Marca in the Walker case should estop Plaintiff Trust Funds from arguing that they are alter-egos of each other. Collateral estoppel requires that: (1) the issues decided in the prior adjudication are identical to issues presented for adjudication in the current proceeding; (2) the issue was fully, fairly, and necessarily resolved in the prior actoin; and (3) the party against whom estoppel is asserted was a party or in privity with a party in the prior action. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979); Meyer v. Rigdon, 36 F.3d 1375, 1379 (7th Cir. 1994).

The third requirement of collateral estoppel is clearly not met in this case. The Plaintiff Trust Funds were not parties to the prior case, nor were their interests represented therein. Defendants assert that because Walker was a member of the Chicago Carpenters Union and an alleged beneficiary of the Plaintiff Trust Funds, the instant Plaintiffs can be effectively bound because they are in privity with Walker. This theory cannot be accepted. "Although 'strict identity of the parties is not necessary to achieve privity[,] . . . the parties must be so closely aligned that they represent the same legal interest.' Kunzelman [v. Thompson], 779 F.2d [1172,] at 1178 [(7th Cir. 1986)]." Kraushaar v. Flanigan, 45 F.3d 1040, 1050 (7th Cir. 1995). The Plaintiff Trust Funds interests in assuring that the three Defendant employers in this case are not

3

defrauding them of contributions are much broader than Plaintiff Walker's interest in her Title VII case. Walker sought to vindicate her private interest in being free from discrimination in employment; Plaintiff Trust Funds are seeking to assure that their beneficiaries are getting the moneys that they are entitled to under ERISA. Perhaps Walker and the Plaintiff Trust Funds would have each benefitted from a finding that these Defendants are alter-egos of one another, but that is a far cry from determining that they represent the "same legal interest."

As the Defendants cannot meet the standards for asserting collateral estoppel against Plaintiff Trust Funds, their Motion to Dismiss must be denied.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is denied.


Enter:



_____
**David H. Coar**
**United States District Judge**


**Dated: March 31, 2004**

4